IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Mikhael Dorise, | C/A No. 1:17-1881-JFA |
| Petitioner, | |
| vs. | ORDER |
| Warden Bragg, | |
| Respondent. | |

## I.    INTRODUCTION

Mikhael Dorise ("Petitioner"), proceeding pro se, is an inmate incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the petition in this case without requiring the respondent to file an answer. (ECF No. 17). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Petitioner was advised of his right to object to the Report, which was entered on the docket on August 31, 2017. (ECF No. 17). Petitioner filed his objection to the Report on September 18, 2017. (ECF No. 20). Thus, this matter is ripe for review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. DISCUSSION

Petitioner attempts to make several objections to the Report, most of which are repetitions of Petitioner's assertions in his Petition (ECF No. 1). Although vague, some of Petitioner's assertions could be construed as definite enough to constitute an objection. However, each of these objections is without merit.

Petitioner claims that his sentence is unconstitutional and that his case is "virtually identical" to the ruling in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). (ECF No. 20). In that case, the Fourth Circuit examined the term "use" of a firearm in the context of sentencing, ultimately concluding that "the Government must prove *active employment* of a firearm in order to convict under the 'use' prong of § 924(c)." 226 F.3d 328, 330 (4th Cir. 2000). Petitioner uses a similar

argument, asserting that he did not "use" the requisite "physical force" to be classified as a career offender under the Federal Sentencing Guidelines § 4B1.1. (ECF No. 20 p. 4).

Petitioner relies heavily on the following cases in his assertion, claiming that they preclude his being classified as a career offender[2] because his conduct, in light of these recent decisions, does not amount to a crime of violence: *Mathis v. United States*, 136 S.Ct. 2243, 2551 (2016) ("[A] state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense"); *Johnson v. United States*, 135 S.Ct. 2551 (2015) (finding the residual clause of the Armed Career Criminal Act unconstitutionally vague); and *Descamps v. United States*, 133 S.Ct. 2276 (2013) (clarifying the approach for determining whether state-law offenses qualify as violent felonies for the purpose of a sentence enhancement under the ACCA); *Begay v. United States*, 553 U.S. 137 (2008) (finding that a DUI did not constitute a "violent felony" as defined by the residual clause of the ACCA). The Fourth Circuit, however, has not "extended the reach of the savings clause to those petitioners challenging only their sentence," actual innocence is required. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). The Supreme Court of the United States has defined "actual innocence" as "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). Since the holdings in the cases Petitioner cited have not decriminalized the criminal conduct for which he was convicted,[3] his argument is clearly unfounded.

Petitioner attempts to circumvent the actual innocence requirement, asserting that the majority panel in the Fourth Circuit for the *United States v. Surratt*, 797 F.3d 240, *reh'g en banc granted* (Dec. 2, 2015) opinion left open the possibility that § 2241 could support a challenge to

---

[2] Petitioner asserts throughout his Petition that he is not a "career offender" and that his detention is thus "illegal." *See* (ECF No. 20 p. 12-21).
[3] Petitioner was convicted for bank robbery with the use of a dangerous weapon; the use, carrying, and/or brandishing a firearm during a crime of violence; and the unlawful possession of a firearm by a convicted felon.

3

a sentence exceeding the statutory maximum."[4] However, as the Magistrate noted, the *Surratt* opinion that Petitioner cites is no longer legal precedent in the Fourth Circuit. Thus, this argument is unfounded.

Moreover, the present case is similar to *Baker v. Zych*, No. 7:13-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014). In that case, the petitioner argued that "his prior convictions for misdemeanor assault, misdemeanor assault on a law enforcement officer, aiding an escape, misdemeanor simple assault, and breaking and entering [did] not qualify as 'violent crimes,' pursuant to *United States v. Descamps*." *Baker*, 2014 WL 1875114, at *1. The court found that the petitioner could not "challenge his sentence enhancement as an Armed Career Criminal via § 2241" for three reasons: (1) "the substantive law has not changed to allow a felon to possess a weapon"; (2) the Fourth Circuit precedent did not "extend the reach of 28 U.S.C. § 2255(e) to those petitioners challenging only their sentence"; and (3) "case law indicates that *Descamps* is not retroactive on collateral review." *Baker*, 2014 WL 1875114, at *2 (denying petitioner's § 2241 motion wherein petitioner argued that he was "improperly sentenced" under § 924(e)).

Petitioner argues that this Court should apply *Descamps* retroactively, relying heavily on the decisions in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). In *Brown* the Seventh Circuit Court of Appeals held that "sentences imposed pursuant to erroneous interpretations of the mandatory guidelines bear upon the legality of the petitioner's detention for purposes of the savings clause." 719 F.3d at 588. Similarly, in *Hill*, the Sixth Circuit Court of Appeals applied the same approach. Although these cases are persuasive, they are not binding on this court.[5] *See Gibbard v. Potter*, No. 5:05CV44, 2006 WL 1744176, at

---

[4] The Petitioner is borrowing language from *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016).
[5] Petitioner argues throughout his Petition that this Court should apply principles from persuasive courts, but he fails to rely on mandatory precedent. *See* (ECF No. 20)

4

*2 (W.D.N.C. Jun. 22, 2006); *Long v. United States*, 339 F. Supp. 2d 729, 735 n.3 (E.D. Va. 2004). Petitioner's argument that *Descamps* should be applied retroactively is thus unfounded.

Petitioner also argues that an "erroneously-imposed" statutory minimum sentence enhancement for a career offender "can be redressable" under the savings clause in § 2255(e). (ECF No. 20 p. 11). Specifically, he argues that "there is no textual indication that § 2255(e) precludes a challenge to an erroneous enhanced sentence." (ECF No. 20 p. 6). However, the Fourth Circuit has noted that "savings clause relief is foreclosed for an erroneous sentence within the statutory maximum, even if the sentence was imposed pursuant to a mandatory guidelines regime." *Darden v. Stephens*, No. 10-7496, 2011 WL 1625094, at *3 n.2 (4th Cir. Apr. 29, 2011). In *Darden*, the petitioner argued that a recent Supreme Court holding "rendered one of his prior convictions no longer a crime of violence," and thus it was "not a proper predicate" for his sentence enhancement. *Darden*, 2011 WL 1625094, at *1. The court rejected the petitioner's argument and declined to "extend the reach of §2255's savings clause," stating, "our cases have confined the § 2255 savings clause to instances of *actual innocence* of the underlying offense of conviction." *Darden*, 2011 WL 1625094, at *2 n.2 (emphasis added). Therefore, Petitioner's argument is unfounded.

The remainder of Petitioner's assertions in his objection to the Report (ECF No. 20) are aimed at discrediting the length of his sentence; he is not claiming innocence. Therefore, Petitioner cannot invoke the § 2255 savings clause, and thus he may not proceed under § 2241. *See, e.g.*, *Darden*, 2011 WL 1625094, at *2 n.2.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately

summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 17). Dorise's Petition is thus dismissed without prejudice and without requiring the respondent to file a return.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 9, 2017
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge