IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mikhael Dorise,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Warden Bragg,<br><br>　　　　　Respondent. | C/A No. 1:17-cv-1881-JFA<br><br><br>**ORDER** |

## I.　INTRODUCTION

Mikhael Dorise ("Petitioner"), proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines this Court should grant Respondent's motion to dismiss.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Petitioner was advised of his right to object to the Report, which was entered on the docket on June 10, 2020. Petitioner filed his objections on June 26, 2020. Petitioner also filed a supplemental brief on July 27, 2020. Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the relevant factual background is necessary to analyze the objections.

On May 28, 2004, after a four-day trial in the Southern District of Texas, a jury found Petitioner guilty of (1) armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), (2) brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and (3)

possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). *U.S. v. Dorise*, No. 3:02-cr-10-1 (S.D. Tx. 2002).

At sentencing on October 26, 2004, Petitioner was categorized as a "career offender" as set forth at United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 because his federal bank robbery offense constituted a "crime of violence" and he had two prior convictions for robbery in violation of Texas law. As a result of this classification, Petitioner faced a then-mandatory sentencing guideline range of 262 to 327 months' imprisonment on the bank robbery and felon-in-possession charges and a mandatory minimum term of 84 months' imprisonment on the brandishing charge, to be served consecutively. Petitioner was sentenced to a total of 411 months' imprisonment.

Since his sentencing, Petitioner has appealed his conviction and filed numerous motions in the Southern District of Texas and the Fifth Circuit attempting to collaterally attack his conviction and/or sentence which have been denied.

In the instant § 2241 petition, Petitioner challenges the validity of his sentence based on the career offender enhancement and seeking a writ of habeas corpus. Previously, the Court dismissed the petition because prior authority in the Fourth Circuit only allowed relief under § 2255's savings clause for erroneous convictions, not erroneous sentences. Then, in 2018, the Fourth Circuit issued *U.S. v. Wheeler* which allowed certain savings clause challenges to an erroneous sentence. 886 F.3d 415, 419 (4th Cir. 2018).  After issuing the decision in *Wheeler*, the Fourth Circuit vacated this Court's dismissal order and remanded for further consideration in light of *Wheeler*. On December 27, 2019, Respondent filed the instant motion to dismiss.

"[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Challenges to the execution of a sentence are properly raised in a § 2241 petition. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a §2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019). A petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of the petitioner's conviction:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 427. If the savings clause requirements are not met, the Court cannot consider the petition. *Id.* When "evaluating substantive claims under the savings clause," a district court must "look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). Because Petitioner

was convicted in the Southern District of Texas, the Court must consider the substantive law of the Fifth Circuit.

In the instant petition, Petitioner asserts that his sentence under the career offender guideline is subject to collateral attack because his convictions for robbery under Texas law purportedly no longer qualify as "crimes of violence" under the United States Sentencing Guidelines ("U.S.S.G."). § 4B1.2. The Report concludes that the petition should be dismissed because Petitioner cannot demonstrate that he is entitled to relief under the "savings clause" pursuant to § 2255(e). Specifically, the Report finds that Petitioner has not shown that a substantive change in the law has occurred that rendered his sentence as a career offender under the sentencing guidelines improper.

When the Petitioner was sentenced in 2004, the court used the 2001 edition of the U.S.S.G. manual to determine that Petitioner was subject to the career offender provision set forth at U.S.S.G. § 4B1.1. This provision established that Petitioner was subject to an increased sentencing range as a "career offender" if he was at least eighteen when he committed the instant crime of violence and had two prior convictions for crimes of violence. *Id.* According to the U.S.S.G., the term "crime of violence" included any crime punishable by more than one year's imprisonment that satisfied the following definitions:

(1) The Elements Clause, encompassing crimes that "ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another," Id. at § 4B1.2(a)(1) (2001);
(2) The Enumerated Offenses Clause, which set forth a list of particular crimes including "robbery," Id. at § 4B1.2(a)(2), n.1 and
(3) The Residual Clause, which included any crime that "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." *Id.* at § 4B1.2(a)(2).

As recounted in the Report, Petitioner bases his argument on the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2010), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Petitioner asserts that *Johnson* constitutes a substantive change in the law which removes his Texas robbery convictions from the U.S.S.G.'s definition of the term "crime of violence." However, the Report correctly asserts that his argument is without merit because Fifth Circuit precedent establishes that Texas robbery is a crime of violence under the Elements clause and the Enumerated offenses clause of U.S.S.G. § 4B1.2.

In the objections[2], Petitioner argues that "it is well established by Supreme Court and Fifth Circuit law that [Petitioner] can meet the second prong of the *Wheeler* test." Since his sentencing, he argues there have been several legal developments that have drastically reshaped federal sentencing. The first substantive change in the law Petitioner refers to is the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 245 (2005) which he states made the sentencing guidelines purely advisory. Then, he argues *Johnson v. United States* was a substantive change in the law because it "held the residual clause in the armed career criminal …to be unconstitutionally vague." 135 S. Ct. 2551 (2010). He asserts these changes constitute a retroactive change in substantive law because they invalidate the residual clause of the career offender guideline, and therefore, remove his Texas robbery convictions from U.S.S.G.'s crime of violence definition.

---

[2] Petitioner's objections are lengthy and very hard to follow as the include citations to a plethora of cases.

Although these cases may constitute a substantive change in the law, they are inapplicable to Petitioner's sentence. Petitioner was sentenced under the sentencing guidelines, not the ACCA. The holding in *Johnson* did not extend to the residual clause in the sentencing guidelines. Moreover, even if it did, Petitioner's argument ignores the other two qualifying definitions for career offender status in the U.S.S.G. under the Elements clause and the Enumerated Offenses Clause.

As the Report states, Petitioner's Texas robbery convictions appear to qualify as crimes of violence pursuant to the Elements clause because it requires "use, attempted use, or threatened use of physical force." Texas Penal Code § 29.02(a). Under the Enumerated Offenses Clause, Texas robbery qualifies as a "violent crime" because the Fifth Circuit has held that it qualifies as a crime of violence under U.S.S.G. §2L1.2; *U.S. v. Satiesteban-Hernandez*, 469 F.3d 376, 378-82 (5th Cir. 2006).

Therefore, Petitioner's argument fails and his objection on this basis is overruled.

Petitioner makes numerous other objections to the Report; however, they all seem to refer back to the same premise—*Johnson* was a substantive change in the law making his conviction under Texas law for robbery no longer a crime of violence and his career offender enhancement incorrect. Despite his circular arguments, the Court will attempt to parse address them in turn.

Petitioner compares the instant case to *U.S. v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006). In *Villegas-Hernandez*, the Court of Appeals considered whether the Texas assault statute, which makes it a crime to cause bodily injury, includes the use of physical force as an element for purposes of deciding whether it qualifies as a "crime of violence"

under 18 U.S.C. § 16(a). *Id.* Because the government would not need to show use of physical force to convict someone under the assault statute, the Court held that use of force was not an element of the offense and Texas assault was not a crime of violence under § 16(a). *Id.* Petitioner asserts the same is true for Texas robbery.

However, the opposite is true. Contrastingly, the Fifth Circuit has established that Texas robbery is a "crime of violence" under 18 U.S. § 16(a). *United States v. Plaza-Montecillo*, 772 F. App'x 84, 84-85 (5th Cir. 2019). Additionally, the Fifth Circuit has held that Texas robbery qualifies a "violent felony" under the ACCA. *United States v. Burris*, 920 F.3d 942, 944 (5th Cir. 2019). Texas robbery has an element the use, attempted use, or threatened use of physical force against the person of another. The Court agrees with the Report that it qualifies as a "crime of violence" under the Elements Clause of the U.S.S.G. and U.S.S.G. § 4B1.2(a)(1). Therefore, Petitioner's objection is overruled.

Petitioner cites to *U.S. v. Davis*, 487 F.3d 282 (5th Cir. 2007) for the proposition that Petitioner has met the first prong of the *Wheeler* test. He argues that he has established that at the time of his sentencing *Davis* established that Texas robbery was a residual clause crime. This argument is irrelevant because the first prong of the *Wheeler* test is not at issue. Here, the issue is whether Petitioner can satisfy the second prong—whether there has been a substantive change in the law. Petitioner's discussion of *U.S. v. Davis* does not establish there has been a substantive change in the law. Therefore, this objection is overruled.

Petitioner argues that the Report's use of *U.S. v. Santiesteban-Hernandez*, 469 F.3d 376 (4th Cir. 2006) is misplaced. He asserts that "Texas defines Robbery in terms of its result-bodily injury-rather than in terms of "force," as a majority of states do." He quotes the

Court's reasoning that Texas' result oriented approach and other states force approach are "two sides of the same coin." Moreover, he states the Court held that the Texas statute "substantially" corresponds to other robbery statutes that require force, and that "the difference is not enough to remove § 29.02 from the family of offenses commonly known as robbery." Petitioner concludes this argument by stating that this holding does not support the Report.

The Report uses *Santiesteban-Hernandez* to demonstrate that the Fifth Circuit has concluded that Texas robbery qualifies as an enumerated crime of violence under U.S.S.G. § 4B1.1(b). In *Santiesteban-Hernandez*, the Fifth Circuit held that the "elements of the Texas [robbery] statute substantially correspond to the basic elements of the generic [robbery] offense, in that they both involve theft and immediate danger to a person." *Id.* at 378-82. Applying the reasoning from *Santiesteban-Hernandez*, the Fifth Circuit also held that the district court did not plainly err in holding that Texas robbery constitutes the enumerated crime of violence of "robbery" in the context of the sentencing guidelines. *U.S. v. Robertson*, 762 F. App'x 205, 206 (5th Cir. 2019). Because Texas robbery qualifies under the Enumerated Offenses clause, Petitioner's sentence is valid. Therefore, this objection is overruled.

Petitioner objects that the instant case is similar to *U.S. v. Meadows* in which the district court extended the reasoning in *Johnson* to the residual clause of the sentencing guidelines and held that the petitioner's sentence was unconstitutional. 394 F. Supp.3d 674 (W.D. Tx. July 9, 2019). To be clear, the district court noted that "the residual clause is not the only way in which a sentence may be enhanced" and the district court analyzed whether

*Meadow*'s sentence could have been enhanced under any other clause of the guidelines. *Id.* at 679. Although the court found that petitioner's prior conviction only qualified under the residual clause of the sentencing guidelines, this Court finds the same is not true for Petitioner's sentence. Here, Petitioner's prior conviction qualifies under the Elements clause and the Enumerated Offenses clause. Therefore, *Meadows* is inapplicable to the instant case and Petitioner's objection is overruled.

Next, "Dorise contends that his *Johnson* claim should succeed on the merits and his 1992 and 1994 Texas Robbery convictions may not be considered as proper predicates for his pre-booker mandatory guideline sentence because at the time of his sentence, direct appeal and § 2255 motion these prior offenses were residual clause crimes." Petitioner argues this conclusion is supported by *U.S. v. Wiese*, 896 F.3d 720, 720-26 (5th Cir. 2018). In *Wiese*, the court considered whether the sentencing court relied on the residual clause in making its sentencing determination because if it did, then *Johnson* would give the court jurisdiction to consider the merits of the motion. The *Wiese* court held that *Wiese* was unable to show that the sentencing court "may have" relied on the residual clause for a court to consider a collateral challenge based on *Johnson*. *Id.* Petitioner argues that his sentencing court more likely than not relied on the residual clause in determining his robbery offense qualified as a crime of violence, thereby implicating *Johnson.* However, once again, Petitioner's reliance on case law is misplaced. *Wiese* was sentenced under the ACCA whereas Petitioner was sentenced under the sentencing guidelines. As this Court has repeatedly stated, *Johnson* applied to the residual clause under the ACCA, not to the residual clause in the guidelines. Furthermore, Petitioner's prior convictions qualify as

"crimes of violence" under the other clauses of the guidelines—making the issue of whether the residual clause is unconstitutional under the guidelines irrelevant. Therefore, Petitioner's objection is overruled.

Turning now to Petitioner's argument that his previous convictions for robbery under Texas law do not qualify as predicate crimes of violence because for one conviction he received a deferred probation instead of a term of imprisonment exceeding one year. As stated in the Report, the Fifth Circuit has "repeatedly treated Texas deferred adjudications as 'convictions' under federal law." *U.S. v. Ary*, 892 F.3d 787, 790 n. 5 (5th Cir. 2018). Petitioner argues that *U.S. v. Daniels* does not support the Report's conclusion and is different from the instant case. 588 F.3d 835 (5th Cir. 2009). Petitioner asserts he pled guilty to robbery from a complaint or information not from an indictment returned by a grand jury. Further, after hearing the plea of guilty and evidence against him, Petitioner asserts the prosecution deferred the guilty plea and further prosecution. He argues that the deferred adjudication did not involve a judicial determination of guilty or an admission of guilt in open court. Petitioner's argument is meritless because Fifth Circuit has established that deferred adjudications count as a conviction under the sentencing guidelines, even when they are later dismissed because the defendant successfully completed a diversionary term. *Id.* Therefore, Petitioner's objection is overruled.

For the remainder of the objections, Petitioner reiterates that he has satisfied the test set forth in *Wheeler* because *Johnson* was a substantive change in the law which has invalidated his sentence. He contends that this Court should look to the law at the time he was sentenced which was "Davis and Johnson abrogated Davis and was made retroactive

by the Supreme Court. This is all that need to be shown under *Wheeler*'s second prong." Contrary to Petitioner's assertion, Petitioner must demonstrate a substantive change in the law that has caused his sentence to suffer from a fundamental defect. While *Johnson* may have been a substantive change in the law, it did not render Petitioner's prior conviction for robbery under Texas law no longer criminal. His prior convictions still qualify as violent crimes under the Elements clause and Enumerated Offenses clause. The Supreme Court's holding in *Johnson* does not assist Petitioner in satisfying the *Wheeler* test. Therefore, the remainder of Petitioner's objections are overruled.

Additionally, Petitioner filed a supplemental brief to his objections to the Report. Although most of the arguments in the supplemental brief are repetitive of those asserted in the objections, the Court will address the arguments which appear to be new. Petitioner states that there has been recent developed case law critical to the case at hand. Petitioner cites to *Ponder v. United States*, 800 Fed. App'x 181 (4th Cir. 2020) to demonstrate that he has satisfied the first and second prong of the *Wheeler* test. However, this Court cannot rely on Fourth Circuit case law to make its determination on Petitioner's motion. "It must look to the substantive law of the circuit where a defendant was convicted"—here, the Fifth Circuit. *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). Therefore, Petitioner's objection based on *Ponder* is overruled.

In his supplemental brief, Petitioner argues that robbery is no longer a violent felony under the ACCA. He asserts that *Lipscomb v. U.S.* represents a substantive change in the law "such that the conduct he was convicted of, Texas Robbery as a residual clause crime under Fifth Circuit precedent is no longer criminal." 2018 WL 3321252 (N.D. Tx. June 18,

2018). Petitioner's argument ignores *U.S. v. Burris*, 920 F.3d 942, 944 (5th Cir. 2019) in which the Court of Appeals held that robbery under Texas Penal Code § 29.02 is a violent felony under the ACCA. Therefore, Petitioner's objection is overruled.

Next, he asserts that "the application notes list of qualifying crimes is valid only as an interpretation of § 4B1.2's residual clause and because *Johnson* invalidated that residual clause language, the application notes no longer have legal force." Petitioner cites to *D'Antoni v. U.S.*, 916 F.3d 658 (7th Cir. 2019) for support for his argument. Once again, the Court is constrained to rely on the substantive law of the Fifth Circuit because that is where Petitioner was sentenced. The Court does not consider Seventh Circuit precedent to be persuasive in this instance. Therefore, Petitioner's objection is overruled.

Finally, Petitioner objects to the Report's conclusion that Texas Robbery under § 29.02 corresponds with the basic elements of the generic robbery offense because they both involve theft and immediate danger to a person. *U.S. v. Santiesteban-Hernandez*, 469 F.3d 376, 378-82 (5th Cir. 2006). Petitioner asserts this is incorrect and he has shown that "the Fifth Circuit has recognized that Texas Robbery offense is broader than generic robbery offense enumerated in the guidelines." Petitioner continues to argue that *Santiesteban - Hernandez* was "a guidelines case under U.S.S.G. § 2L1.2 which list robbery as a predicate offense…it should be noted that § 2L1.2 does not have the identically worded residual clause in its statute and therefore, *Santiesteban-Hernandez* could not make a vagueness challenge to his sentence." Petitioner's arguments are foreclosed by the Fifth Circuit's holding in *U.S. v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) which explicitly held

that robbery was a crime of violence under U.S.S.G. § 2L1.2. Therefore, Petitioner's objections are overruled.

The Court finds that Petitioner has not met the savings clause requirements set forth in *Wheeler*. He has failed to demonstrate that a substantive change in the law has occurred which held that a conviction for Texas robbery no longer qualifies as a predicate offense for career offender designation under the sentencing guidelines. Therefore, the Court does not have jurisdiction to consider Petitioner's challenges to the validity of his sentence. The Court adopts the Report and overrules Petitioner's objections.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 61) and grants Respondent's motion to dismiss (ECF No. 53). Petitioner's petition is dismissed (ECF No. 1) without prejudice for lack of jurisdiction. Further, because Petitioner has failed to make a "substantial showing of the denial of constitutional right," a certificate of appealability is denied. 28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

August 5, 2020                                                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                                                    United States District Judge